

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
State of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-6086

Re: Time allowed for filing with
Comptroller of Public Accounts of
motor fuel tax refund claims under
Section 13(d), Article 7065(b),
Vernon's Annotated Civil Statutes,
with particular reference to the
words "or appropriation" as extending
the time for "use" of motor fuel and
the date of filing claim for refund
therefor.

In your letter of June 28, 1944, you submit to this
department the following fact situation and request an opinion
thereon, as follows:

"A claimant purchases 2,000 gallons of gasoline
January 1, 1944 from a regular licensed dealer, and obtains
Invoice of Exemption therefor at the time of delivery.
Within four months of the date of delivery, under date of
May 1, 1944, a claim is filed requesting refund of tax on
1,500 gallons which had been used, and carrying on hand the
balance of 500 gallons. Attached to the claim is the Invoice
of Exemption dated January 1, 1944, which covers the 1,500
gallons used and the 500 gallons carried forward and set up
on the claimant's account as on hand and not used. Upon
receipt of this claim the Comptroller issues warrant refunding
the tax on the 1,500 gallons used.

"The question now arises as to when limitation runs
on the refund of the tax on the remaining 500 gallons.

"Sub-section d of Section 13 of the Motor Fuel Act
reads in part as follows:

Honorable Geo. H. Shepard, page 2

"'When a claimant purchases or acquires for use motor fuel upon which a refund of the tax may be due, he shall within six (6) months from the date of delivery of the motor fuel upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit upon such form as may be prescribed by the Comptroller. . .

"'No refund shall be made where motor fuel is used later than six (6) months from date of delivery or appropriation, and no refund shall ever be made where it appears from the invoice, or from the affidavit, or other evidence submitted, that the sale or delivery was made more than six (6) months prior to the date of filing of the application for refund. The date of filing shall be the day such claim is actually received in the Comptroller's office. In addition to other penalties prescribed in this Article, it is herein provided that a felony conviction for a violation of any provision of this Section of said Article shall automatically forfeit the right of said convicted person to sell motor fuel for refund purposes, and shall forfeit the right of said convicted person to file a claim and obtain a refund for a period of one (1) year from the date of said conviction.'

"You will note from the above quoted Section that it provides no refund shall be made where the motor fuel is used later than six months from the date of delivery or appropriation.

"Must the claimant use the 500 gallons and file his claim with the Comptroller by July 1, 1944, which is six months from the date of delivery, or does he have until November 1, 1944, in which to use the motor fuel and file his claim, which later date is six months from the date he filed his former claim?

"When a claimant has filed his claim in due order and time, showing a quantity of motor fuel on hand and unused in such claim, does the phrase 'or appropriation' extend the period of limitation on the quantity on hand for six months from date such claim is filed with the Comptroller?"

In this connection it is necessary to construe the various subsections of Section 13(d), Article 7065(b), Vernon's Annotated Civil Statutes, in order to classify the persons entitled to a refund of the motor fuel tax thereunder.

Honorable Geo. H. Sheppard, page 3

The term "refund dealer" is defined by the Article as follows:

"The term 'refund dealer' wherever used in this Article shall mean any dealer, distributor, or other person who engages in the selling of motor fuel or who appropriates for his own use and consumption motor fuel on which a refund of the tax paid on such motor fuel is authorized by this Article."

Subsection (a) of Section 13(d) of the Article defines the two classes of users entitled to tax refunds as follows:

"Any person who purchases motor fuel in the State of Texas, and any distributor who appropriates motor fuel for use . . . shall be refunded the amount of such taxes . . ."

Subsection (b) of Section 13(d) of the Article provides for the issuance of a refund dealer's license to sell such motor fuel, and is in part as follows:

"No refund of the tax shall be granted to any person, claimant, firm, corporation, or otherwise, unless such motor fuel has been purchased from or used by a licensed refund dealer as provided for in this Article: . . ."

Subsection (c) of Section 13(d) of the Article provides for invoices of exemption to "be demanded by the purchaser or recipient of motor fuel used for refund purposes, and upon each delivery by a refund dealer, or upon each appropriation for use of motor fuel upon which a refund of tax may be claimed, an invoice of exemption shall be issued showing the date of such delivery, or of such appropriation for use . . ."

Subsection (d) of Section 13(d) of the Article provides for the filing and payment of claims for refund:

"(d) When a claimant purchases or acquires for use motor fuel upon which a refund of the tax may be due, he shall within six (6) months from the date of delivery of the motor fuel upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit, on such form as may be prescribed by the Comptroller. . ."

Honorable Geo. H. Sheppard, page 4

"No refund shall be made when motor fuel is used later than six (6) months from the date of delivery or appropriation, and no refund shall ever be made when it appears from the invoice, or from the affidavits, or other evidence submitted, that the sale or delivery was made more than six (6) months prior to the date of filing of the application for refund." (Emphases ours)

From the foregoing subsections it is apparent that the Legislature intended to and did distinguish between a person who purchases motor fuel for use and a distributor who appropriates motor fuel for use. Throughout these subsections the usage of the words "purchase", "sell" or "sale" and "delivery" is applied to a person who purchases motor fuel from a licensed dealer upon which a claim for tax refund may be filed, while the usage of the words "appropriation" or "appropriate for use" and "acquire" or "acquisition" is applied to a distributor who "appropriates" or sets aside a portion of motor fuel from his stock on hand to be used for the specific purposes set forth in the Article entitling him to a refund of the tax.

Therefore we answer to the first question, since the claimant purchased the motor fuel from a licensed dealer and had delivery thereof on January 1, 1944, and since he was not a distributor appropriating such fuel for use, he is required to use all of such fuel upon which he requests a tax refund and file his affidavit and claim therefor prior to July 1, 1944.

In answer to the second question, since the claimant was a purchaser from a licensed dealer and not a distributor who appropriated such motor fuel, the phrase "or appropriation" would not extend the period of limitation of use or filing his claim for refund within six (6) months from the date of delivery of such motor fuel to him.

Trusting that the foregoing fully answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  C. K. Richards
Assistant

APPROVED JUN 10, 1944

CKR:AMM

APPROVED OPINION COMMITTEE